# City of Sullivan v. W. K. Whitfield.

1. ACTIONS—*Money Voluntarily Paid Under a Mistake of Law Can Not Ordinarily Be Recovered Back.*—Money voluntarily paid under a mistake as to the law, under a claim of right and without any fraud being practiced, can not ordinarily be recovered back.

Assumpsit.—Appeal from the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed July 27, 1903.

J. K. MARTIN, city attorney, JOHN R. EDEN and E. J. MILLER, attorneys for appellant.

R. M. PEADRO and M. A. MATTOX, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The appellant, the City of Sullivan, brought in the Circuit Court of Moultrie County, an action of assumpsit against the appellee, W. K. Whitfield, to recover the sum of $65.50 which it was alleged in the declaration he had received for the use of the city.

The bill of particulars which was filed by order of the court with the declaration, on motion of the appellee, set forth that the claim sued on was for $12, paid out of the city treasury to the appellee at one time on an illegal warrant issued to him wrongfully, and $53.50, paid out of the city treasury to the appellee at another time on another illegal warrant issued to him wrongfully.

The appellee pleaded specially that the money was paid to him for legal services as attorney in defending a suit that had been instituted by one E. J. Miller against Isaac Hudson, who was mayor of said city, James A. Harris, who was a policeman of said city, and Miles A. Mattox, who was city attorney of said city, to recover damages from them by reason of their attempting, under the direction of the city council, to enforce an ordinance of said city; that the warrants mentioned in the bill of particulars were issued to the appellee upon the allowance to him of his claims for said services, by the council of said city, after

they had audited his claims therefor by a yea and nay vote and ordered the warrants to be issued to him.

To the plea, the city replied that it was not interested in said suit which had been instituted, not for the purpose of enforcing an ordinance of the city, but to recover damages for a wrongful trespass committed by the officers of said city, against said Miller, in which the city had no interest, and that the said warrants were issued without lawful authority.

A general and special demurrer was interposed to the replication and sustained by the court. The city stood by its replication and the court gave judgment against it in bar of the action, to which it excepted, and brings the case to this court by appeal, where its counsel insists that the court erred in sustaining the demurrer to its replication and in rendering judgment against it in bar of the action.

By the declaration, plea and replication, it appears that the money sought to be recovered by the city from the appellee, was money which had been paid to him by the city for legal services rendered by him for it as regularly found and passed upon by the citycouncil of said city, without any fraud being claimed to have been practiced and without any mistake of fact, and money thus paid can not ordinarily be recovered back. The People v. Foster, 133 Ill. 496, and cases cited therein.

And we are of opinion that the court therefore properly sustained the demurrer to the replication, and the city, having stood by the same, judgment against it in bar of the action properly followed, and that judgment we will affirm.

The foregoing was written by Mr. Justice Benjamin R. Burroughs during his term as justice of this court, and is now adopted as the opinion of this court.

George W. Brown,
Presiding Justice.